[No. 2923. Decided May 24, 1898.]

LIDGERWOOD PARK WATER WORKS COMPANY, *Appellant*, v. CITY OF SPOKANE, *Respondent.*

ARBITRATION AND AWARD — AGREEMENT FOR — RIGHT OF ACTION FOR FAILURE — DEMAND NECESSARY.

Where a water works plant in an outlying addition has been transferred to a city in consideration of the city's connecting same with, and maintaining it as a part of, its general system of water works, a provision in the contract that the city shall pay on or before a given date, whatever sum certain named officers as an arbitration board may agree upon as further compensation, makes it incumbent on the seller to demand that the arbitrators proceed to arbitrate before the expiration of that date, in order to give him any right of action against the city by reason of their failure.

An agreement for arbitration is not void by reason of a stipulation that the finding of the arbitrators should be approved by the city council in order to be binding upon the city, since such provision merely constitutes the council a member of the board of arbitrators.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Graves, Wolf & Graves,* for appellant.

*A. G. Avery,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—In October, 1896, the plaintiff was the owner of a water supply system in an addition to the city of Spokane which was partly without the city limits. The city did not own any water system in that addition and negotiations were had between it and the plaintiff for the transfer of said plant to the city, whereby plaintiff conveyed the same to the city with the exception of the pumping plant. The contract contained the following provisions:

" The party of the second part covenants and agrees to lay immediately; that is to say, within a reasonable time, as soon as the city has money on hand that can be used to pay the freight charges on water pipe, to be placed as follows: A six inch iron water main from Division street, in the city of Spokane, over to and into the reservoir of the party of the first part in Lidgerwood Park, and to maintain the same, and to supply and furnish water hereafter to the residents of Lidgerwood Park, *i. e.*, that portion of Lidgerwood Park included within the city limits; provided, however, that if the city shall furnish water to the people in that portion of Lidgerwood Park not included within the city limits, that the city reserves the right to discontinue the supply of water, without notice, to any and all persons living outside the city limits in said Lidgerwood Park, water to be furnished at the usual rates charged by the said party of the second part for such service, the party of the second part to have all revenues and to operate and conduct said system as a part of its water works system, in the same and no other manner.

The party of the second part further covenants and agrees, on or before the 15th day of September, 1897, to pay to the party of the first part, its successors and assigns, such compensation for the said rights and property, if any,

as may be agreed upon by the arbitration of the mayor, the chairman of the finance committee and the president of the board of public works of the city of Spokane, whose action, when approved by the city council, shall be binding and conclusive upon the parties. It is agreed that, should the said arbitrators determine that the party of the first part shall not 'be, entitled to any further compensation, than the benefits accruing by reason of the party of the second part operating and maintaining said water system and putting in the pipe aforesaid, then the benefits aforesaid shall be deemed the consideration for this contract."

No arbitration having been had and the time having expired, the plaintiff brought this action to recover the sum of $20,000 as the value of the property transferred. The city answered, setting up the contract. A demurrer by the plaintiff to the answer was overruled and an appeal is taken therefrom, the contention being that, the time for the arbitrators to act having expired, the plaintiff can sue for the value; and the further contention is made that the provision relating to the arbitration is void in consequence of the stipulation that the action of the arbitrators should not be binding unless approved by the city council.

We are of the opinion that the action of the court was right. It is evident that the principal consideration for the sale of the water works was not the provision for possible further recompense, which was practically left to the city itself to allow if it saw fit, but was the acceptance of the plant by the city and the agreement to connect it with the general system which it had in operation, and to maintain it, etc. There was no admission in the contract of any further indebtedness for the plant, and we are of the opinion that it was incumbent upon the plaintiff to have demanded of the arbitrators that they proceed to arbitrate with reference to further compensation, if he de-

sired any, before the time expired, and not having done so, the action cannot be maintained. Nor do we think the provision for the arbitration was void in consequence of the stipulation that the preliminary finding of the officers named, if in favor of the plaintiff, should be approved by the council to be binding on the city. It amounted to an arbitration by said officers named and the council, and we think it was valid.

Affirmed.

DUNBAR and REAVIS, JJ., concur.

GORDON, J., concurs in the result.