[No. 3090. Decided December 12, 1898.

VIRGINIA HERMAN *et al., Appellants,* v. FRED G. PLUMMER *et al., Respondents.*

20   363
27   40

VOLUNTARY ASSOCIATIONS — CONTROVERSIES BETWEEN MEMBERS — REMEDIES—BY-LAWS.

The courts will not assume jurisdiction of a controversy between members of a voluntary, unincorporated association so long as there is an unexhausted remedy within the association itself.

A by-law of a national unincorporated organization making the executive committee of the body a court of final appeal in disputed questions arising between members or in and between branches of the order, cannot be presumed to be repealed by the adoption of a new constitution, but must be given effect until repealed, either expressly or by necessary implication.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Affirmed.

*Sheeks & Wickersham,* for appellants:

There can be no change in the constitution and the by-laws of a voluntary unincorporated association, except in the method pointed out by its constitution. *Russie v. Brazzell,* 30 S. W. 526 (49 Am. St. Rep. 542); *Bear v. Heasley,* 98 Mich. 279 (24 L. R. A. 615); *Brundage v. Deardorf,* 55 Fed. 839. The constitution of a voluntary association cannot be changed so as to divert the property of the society from its original trust, except by unanimous consent, even on notice. *Philomath College v. Wyatt,* 37 Pac. 1022 (26 L. R. A. 68); *Park v. Chaplin,* 64 N. W. 674 (59 Am. St. Rep. 353, 31 L. R. A. 141). There can be no merger of one society into another having the same objects, so as to carry title to the property, except by unanimous consent of all members. *Mason v. Finch,* 28 Mich. 282.

Where rights of property are in question, civil courts will inquire whether or not the organic rules and forms of proceedings prescribed by an ecclesiastical body have been followed. *Watson v. Jones,* 13 Wall. 679 (20 L. ed. 666); *McFadden v. Murphy,* 21 N. E. 868; *Gorman v. O'Connor,* 26 Atl. 379.

Even a minority, holding to the old faith and old society, is entitled to retain all the property for that purpose. *Nance v. Busby,* 18 S. W. 874 (15 L. R. A. 801); *Ferraria v. Vasconcelles,* 23 Ill. 403; *App v. Lutheran Congregation,* 6 Pa. St. 201; *McGinnis v. Watson,* 41 Pa. St. 9; *Roshi's Appeal,* 69 Pa. St. 462 (8 Am. Rep. 275); *Schnorr's Appeal,* 67 Pa. St. 138 (5 Am. Rep. 415).

Members of voluntary associations are not partners, and are not entitled to division of property as such. *Schradi v. Dornfeld,* 55 N. W. 49.

Section 18 herein applies only to matters of discipline and not to property rights. In the absence of an express agreement to the contrary the citizen cannot be denied an appeal to the courts in the latter case. *Zeliff v. Knights of Pythias,* 53 N. J. Law, 536; *Ocean Castle v. Smith,* 58 N. J. Law, 545; *Roxbury Lodge v. Hocking,* 38 Atl. 693 (64 Am. St. Rep. 596).

*R. H. Lund,* and *C. N. Warner,* for respondents:

Where a voluntary association or religious society has established a tribunal, or provided a method, within the society, by which differences between members shall be determined, it is the duty of aggrieved members to resort to such tribunals before invoking the jurisdiction of a civil court. *Venable v. Ebenezer Baptist Church,* 25 Kan. 177; *Oliver v. Hopkins,* 10 N. E. 776.

The by-laws of an association are analogous to the statutes of a state, or the ordinances of a municipal corporation, and constitute the rule of action by which the members and their property rights are determined. *People v. Carson,* 30 N. Y. Supp. 817; *Doherty v. Ransom County,* 63 N. W. 148; *State v. Swan,* 44 N. W. 492.

The property involved in this action forms the machinery by and through which the society is operated, and is in no sense trust property. It is a well established rule of law that where a society of this character owns property accumulated and used for such purposes, it is controlled by a majority of the members thereof. *Robbins v. Waldo Lodge,* 7 Atl. 540; *Watkins v. Wilcox,* 66 N. Y. 654; *Keyser v. Stansifer,* 6 Ohio, 363. So long as the majority are managing the property in good faith for the promotion of the same general purposes and teachings for which the society was organized and originally formed, a dissenting minority have no legal right to oust the majority from the custody and control of such property. *Schradi v. Dorn-*

*feld,* 55 N. W. 49; *McGinnis v. Watson,* 41 Pa. St. 9; *Ramsey's Appeal,* 88 Pa. St. 60.

PER CURIAM.—The parties to this action were all, prior to March 3, 1898, members of the Narada Theosophical Society of Tacoma, a branch of a national organization known as the Theosophical Society of America. This local branch was an independent body, controlling its own property, and governing itself subject to the right of appeal to the executive committee of the national body upon any disputed questions arising between the members. The object of the present suit was to recover possession of certain property of the local society, the appointment of a receiver, and other relief; the action being mainly based upon an alleged interference with the property rights of the plaintiffs as members of that branch, and their rights as members in various respects. At the close of plaintiffs' case, on the evidence, a judgment of non-suit and dismissal was granted, and the present appeal is from that order and judgment.

We think the order was properly made. Section 18 of the by-laws of the national society is as follows:

" The executive committee shall be the court of final appeal in disputed questions arising between members *of, in and between branches.*"

It is not pretended that any effort was made by the plaintiffs to have the questions involved in the present dispute determined by the committee mentioned in that section, and it is a well established principle, applicable to controversies like the present, that until the members have exhausted their remedy within the society the courts will not assume jurisdiction of the controversy. *Oliver v. Hopkins,* 144 Mass. 175 (10 N. E. 776); *Lafond v. Deems,* 81 N. Y. 507; *Chamberlain v. Lincoln,* 129 Mass. 70; *Watson v. Jones,* 13 Wall. 679.

Appellants seek to justify their failure to resort to the committee contemplated by § 18, *supra,* upon the ground that that section was, in effect, abolished by the action of the national convention at a meeting in Chicago in February, 1898, which practically adopted a new constitution. We think the argument advanced does not meet the objection. Plaintiffs are contending that the action of the national convention was invalid, and, if they are right in that respect, the constitution and by-laws of the old body are still in force. They have no standing if such is not the fact, and, if it is, then the remedy provided by § 18 would appear to be ample. But it does not appear that any effort has been made to obtain within the society a determination of the grievances, and, even were it admitted that the effect of the action of the national convention was to abolish the old constitution, it in no wise follows that the by-laws theretofore adopted would also become ineffectual. Section 18, *supra,* having been adopted for the government of the national body and its branches, must be given effect until it is repealed either expressly or by necessary implication. So that we think the learned trial judge was right in concluding that the court should not take jurisdiction of the case.

We think that he was right, too, in concluding that plaintiffs' evidence was insufficient to establish any interference with their rights as members to the enjoyment of the property, books, records, etc., of the local branch. In other words, plaintiffs failed to show that their rights as members had been invaded. There was evidence by the officers of the local branch tending to show that a conclusion had been reached by them not to enforce the obnoxious resolutions previously passed, and that they construed them to be invalid. For these reasons we must conclude that the judgment was right, and we do not deem it proper to attempt at this time to determine whether the action of

the national convention was, in effect, an amendment of the old constitution and invalid, because adopted without previous notice to the local branches, or the adoption of a new constitution, which retained the spirit and essence of the old and included no new provisions inconsistent with it, and therefore within the right of the convention. At present an opinion upon that important question would be at most mere dictum.

Affirmed.