[No. 3345.    Decided May 4, 1901.]

SKAGIT COUNTY, *Respondent*, v. H. H. TROWBRIDGE, *Appellant*.

ARBITRATION — FINALITY OF AWARD — REVIEW BY COURTS.

Where parties to a dispute agree to submit their differences to arbitration, under the provisions of the statutes applicable thereto, and, by the terms of their submission of the controversy to arbitration, agree to be bound by its results, the award made by the arbitrator is final, and not reviewable by the courts, in the absence of any showing of misconduct or corruption on his part.

Appeal from Superior Court, Skagit County.—Hon. JESSE P. HOUSER, Judge.    Affirmed.

*E. F. Blaine* and *Lee De Vries,* for appellant.

*M. P. Hurd,* Prosecuting Attorney, for respondent.

PER CURIAM.—In the year 1892 the Burrows Bay Improvement Company, a corporation, constructed a steam railway from the main line of the Seattle & Northern Railway Company, in the town of Anacortes, Skagit county, to Shannon's Point, in said county. In the exercise of the taxing power, the authorities of Skagit county undertook to assess and levy taxes upon said property for the years 1893, 1894, 1895 and 1896. On the 23d day of September, 1896, the appellant, in an action in the superior court of King county, recovered judgment against said company for the sum of $6,270 and costs; and thereafter he caused an execution to issue, and a levy was made thereunder upon the unballasted railway track of said company. A sale was made under the execution by the sheriff of Skagit county, and appellant was the purchaser of the property. By reason of Skagit county's claim for taxes

under the aforesaid assessments and levies, the taxes not having been paid, the said county threatened to enjoin the removal of the rails purchased by appellant as aforesaid; and it was thereupon agreed between appellant and said county that, in lieu of said rails, appellant should deposit with the First National Bank of Mount Vernon the sum of $700, which money should remain with said bank to answer any judgment that might thereafter be recovered in favor of said county for taxes. · At the same time it was agreed that the parties should thereafter agree upon some procedure for the determination of the validity of the taxes claimed against said rails, and the right of appellant to remove the rails before the taxes were paid. It was further agreed that either party should have the right to commence a proper proceeding for the determination of said controversy, or, not desiring to do so, the matter should be submitted to arbitration according to the laws of the state of Washington, before one arbitrator, who should be an attorney at law in active practice and good standing and a resident of the town of Mount Vernon, to be chosen by the county commissioners of Skagit county. The $700 was accordingly deposited by appellant with said bank, and the rails were removed from Skagit county. Thereafter the parties decided to determine the controversy by arbitration, and in pursuance of the terms of the aforesaid agreement the county commissioners of Skagit county chose Thomas Smith as arbitrator. Thereupon a written agreement to submit the said controversy to arbitration before said Thomas Smith as arbitrator was duly signed by each of the parties. The matter came on for hearing before said arbitrator, who, after hearing the testimony, made his award in favor of the county. In pursuance of the terms of the statute, the award was properly delivered and was thereafter duly filed with the clerk

of the superior court of Skagit county. The award, in terms, provided that the money deposited in the bank aforesaid was awarded to be the property of Skagit county, to be turned over to the treasurer of said county in payment of the taxes due and delinquent upon said railroad property. The arbitrator delivered with the award a transcript of the testimony taken before him, together with his findings of facts and conclusions of law, and the same were duly filed by the clerk together with the award. Appellant filed a number of exceptions to said findings of facts and conclusions of law and to the award. The superior court, after hearing and considering the exceptions affirmed the award and entered judgment accordingly. Whereupon appellant appealed to this court.

The written agreement to submit this controversy to arbitration contains the following provision:

"*And the plaintiff and defendant do mutually covenant and agree to and with each other that the award to be made by said arbitrator shall in all things by us, and each of us, be well and faithfully kept and observed.*"

It seems to us clear that the parties intended by the above clause of the agreement to bind themselves to abide by the award of the arbitrator. This agreement must be treated as any other contract, in determining the rights of the respective parties thereunder. This court, in *Van Horne v. Watrous*, 10 Wash. 525, 527 (39 Pac. 136), has said:

"Courts will enforce contracts to arbitrate disputes and make the decision of arbitrators final where the parties to a contract make it clearly to appear that such was their intention."

Presumably, the purpose of disputants in adopting this method of settling differences is to avoid the ordinary expense, delay, and more intricate practice attending suits

in the courts. Having adopted this method and having agreed to abide by its results, they cannot be heard to complain, in the absence of any showing that the arbitrator was guilty of misconduct or corruption. No such showing is made in this case.

The judgment is affirmed.