[No. 4072.  Decided December 23, 1901.]

ZINDORF CONSTRUCTION COMPANY, *Appellant,* v. WESTERN AMERICAN COMPANY, *Respondent.*

APPEAL—STATEMENT OF FACTS—TIME OF FILING.

A statement of facts filed after the expiration of the statutory limit provided by Bal. Code, § 5062, will be stricken from the files on the motion of respondent.

SAME—RECORD—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDINGS.

Although there may be affidavits in the record on appeal, which had apparently been treated on the trial as evidence, yet the supreme court will not inquire into the correctness of the court's findings, where there is no statement of facts, and it does not appear that the affidavits constituted all the evidence upon which the findings were based.

ARBITRATION AND AWARD—REFUSAL OF ONE PARTY TO ARBITRATE—WHEN AWARD BARS ANOTHER ACTION.

Agreements between parties for the arbitration of disputes between them are governed by Bal. Code, §§ 5102-5112, and an award made by the arbitrator agreed upon, filed in the office of the clerk of the court, and judgment entered thereon by the court is a bar to an action brought by one of the parties who refused to submit the disputed matter to arbitration, even though such action had been instituted prior to notice from the adverse party of the submission of the matter to arbitration under their agreement. (FULLERTON and ANDERS, JJ., dissent.)

Appeal from Superior Court, King County.—Hon. JAMES A. WILLIAMSON, Judge. Affirmed.

*John F. Dore* and *Burke, Shepard & McGilvra,* for appellant.

*George E. Wright* and *Fogg & Fogg,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On the 22d day of June, 1898, appellant entered into a written contract with respondent to the following effect:  Appellant agreed to construct and

finish in the most substantial and workmanlike manner, and to the satisfaction and acceptance of respondent or its engineer, all the work required in the construction of a railroad line from Carbonado, Pierce county, Washington, to, and for a short distance beyond, a mine belonging to respondent in section 26, township 18 north, range 6 east, W. M. The contract contained the following provision:

"The said final estimate of the said engineer of the amounts of work done shall be final and conclusive, and binding upon all the parties to this agreement. But no engineer's certificate, and no payment by the party of the first part, shall be construed to operate as an acceptance of work theretofore performed, or as a waiver of any claim arising out of the failure to perform this agreement. The superintendent of the party of the first part is hereby constituted an arbitrator, to whom shall be submitted any dispute arising out of this agreement, or the performance thereof; and his award in the matter shall be final, conclusive, and without appeal therefrom."

This suit was brought by appellant against respondent, and was begun in November, 1898. In the complaint and amended complaint it is alleged, in substance, that the appellant has duly performed all the conditions of the said agreement on its part to be performed, and that the respondent would permit it to perform, and that respondent has failed to comply with said contract in the following particulars: That the respondent discouraged the men employed by appellant from continuing in the employ of appellant, informing them that they would not receive their pay for services rendered by them for appellant, thereby attempting to make it impossible for appellant to finish its contract within the time specified therein; that in many instances the respondent hired men who were employed by appellant, and took them from

the work that appellant was performing for respondent; that respondent refused to give appellant grade and center stakes, bills for material, plans and measurements by which to perform the contract, for the purpose of performing the work set forth in the contract; that respondent failed to furnish the timber for the construction and completion of a number of cribs that were to be made under the terms of said contract and specifications, and also refused to permit appellant to build the culverts with their bottom logs laid close together, and allow the top and bottom logs to extend one foot beyond the outside wall, as specified in said contract; that respondent further refused to allow the plaintiff to build the culverts set forth in the specifications of sufficient dimensions to fill within them a stone or brick structure of ample size to carry the water, or to build them large enough to receive within them mason work; that respondent hindered, obstructed, and prevented appellant in carrying on its contract, to the damage of appellant in the sum of $20,300, for which sum it demands judgment.   To the original complaint certain motions were directed, which were allowed in part and denied in part.   Similar motions were directed to the amended complaint, which were denied in view of certain stipulations on the part of appellant. Thereupon the respondent demurred to the amended complaint, but the demurrer was never called up for hearing before the court.   The demurrer was filed on the 8th day of April, 1899.   Thereafter, on the 5th day of September, 1899, respondent filed a motion to dismiss this cause; the motion being, in substance, as follows:   That subsequently to the beginning of said action, towit, on the 29th day of August, 1899, all the matters, issues, and controversies involved therein were settled and determined in

favor of the respondent and against appellant by the judgment and decree of said court rendered in the matter of the arbitration between the Western American Company and the Zindorf Construction Company, numbered 27,437 in the files of said court; that subsequently to the beginning of said action all matters therein involved were by appellant and respondent submitted to the arbitration of one H. S. Huson, the superintendent of said Western American Company, as provided in the agreement in writing set forth in the amended complaint; that said arbitration was conducted by and before said arbitrator in all respects according to law; and that said arbitrator thereupon made his award in the premises according to law, which said award, under seal, was thereafter filed with the clerk of said court according to law, and a copy thereof was upon the 26th day of July, 1899, served upon appellant, and upon which award the said court rendered the judgment above mentioned. Thereafter said motion to dismiss, having been heard by the court, was granted; and on the 29th day of September, 1900, the court signed a judgment dismissing the action, which judgment was afterwards duly filed on the 9th day of October, 1900. From said judgment this appeal was taken.

Respondent moves to strike the statement of facts for the reason that the statement was not filed until the 7th day of March, 1901, whereas the judgment appealed from was filed for record on the 9th day of October, 1900. It is urged that the statement was filed after the expiration of the limit allowed by law, as provided by § 5062, Bal. Code. The motion is well taken and must be granted. The utmost limit of time within which a statement can be filed is ninety days after the time begins to run within which an appeal may be taken. If filed after thirty days,

it must be done by authority of an order of the court extending the time; but such time cannot be extended, in any event, beyond the ninety day period provided by statute.  See *State v. Seaton,* 26 Wash. 305 (66 Pac. 397).

There being no statement of facts before the court, the only question for this court to determine is whether the trial court erred in its conclusion of law based upon the findings of facts.  Certain affidavits are included with the record certified here by the clerk of the superior court, which have the appearance of having been considered by the trial court at the hearing upon the motion to dismiss; but there is no certificate of the court that they were so considered, other than the general statement in the preface to the findings of facts, and also in the judgment, that the motion was submitted to the court upon the evidence, and *"upon the records, files, and proceedings herein."*  · The statement is made both in the findings and in the judgment that the court heard "evidence and proofs," but no reference is made to affidavits.  If we should assume that the affidavits were by consent treated as evidence at the hearing, still it does not appear that they constituted all the evidence upon which the court's findings were based.  We will not, therefore, inquire into the correctness of the findings, but will confine ourselves to a discussion of the court's conclusion of law from the findings.  The court found substantially as follows:  That under the terms of the agreement set forth in the complaint the respondent proceeded to serve written notice upon appellant to arbitrate all the matters, suits, causes, controversies, and differences arising out of said agreement, or out of the performance thereof, or out of the matters and issues involved in this suit, and thereafter the arbitrator, being then the superintendent of respondent, served like written notice upon both appellant and respondent; that thereupon appel-

lant served upon respondent a counter notice that a suit had several months before been instituted in the superior court by appellant against respondent concerning the matters in difference between them.   Thereupon the respondent, notwithstanding appellant's said notice, proceeded with said arbitration; the arbitrator being H. S. Huson, superintendent as aforesaid, who, having been sworn to try and determine all of said matters and causes, and a just award make out agreeably to the terms of said agreement, proceeded on the 29th day of May, 1898, to hear testimony under oath introduced by respondent.   The appellant did not appear or offer any testimony.   Thereupon the arbitrator, having considered the testimony, made his award in writing, under seal, wherein and whereby he adjudged, determined, and awarded that the respondent have and recover from the appellant the sum of $8,826.23, in full satisfaction of all matters, suits, causes, controversies, and differences arising out of said agreement, or out of the performance thereof, or out of the matters and issues involved in this suit.   Thereafter, upon the 25th day of July, 1899, said award, together with said agreement and submission, under seal, was filed with the clerk of the superior court of King county, and entered of record in his office, and was thereafter, on the 26th day of July, 1899, personally served by the sheriff of King county, within said King county, upon appellant, by delivery to it of a true copy thereof. Thereafter, on the 29th day of August, 1899, no objection or exception to said award having been made or filed, the said court did render its certain judgment upon said award in favor of respondent and against appellant, whereby it ordered and decreed that respondent have and recover from appellant upon said award the sum of $8,826.23, with interest thereon at the legal rate from the 25th day of July, 1899, and costs, from which judg-

ment no appeal has been taken, and which said judgment is, and at all times since its rendition has been, in full force and effect; that the appellant did not, before beginning this action, or at any time thereafter, request or seek an arbitration as provided by the terms of said agreement, or at all, and respondent has at no time refused to arbitrate said matters or any of them, but has at all times been ready and willing to arbitrate the same, and the arbitration hereinbefore referred to is the only arbitration ever sought or attempted by authority of the parties to this action, or by the arbitration designated in said agreement; that, shortly after the filing of the judgment upon the award in the arbitration proceeding above mentioned, the respondent made a motion to dismiss this suit on the ground that the matters in controversy had been disposed · of by the judgment upon the award; that prior to making said motion respondent interposed a demurrer to the amended complaint, which demurrer has never been passed upon by the court; that at the time of the commencement of this suit, and at the time respondent appeared and filed its demurrer and motion herein, the work under said agreement was not finished. The above is a substantial statement of the material facts found by the court. There were further findings with reference to motions and proceedings in the case prior to the time of filing the motion to dismiss, and also that upon the application of appellant the testimony of a number of witnesses was taken in the form of depositions for the purpose of perpetuating it, because of the fact that the witnesses were about to depart from the state. From the above findings the court concluded that appellant was not entitled to maintain this action, and that the action should be dismissed.

It will be observed from the foregoing that the parties had entered into a written contract whereby they

agreed to submit matters of dispute arising out of the performance or attempted performance of the contract to arbitration. The person who should act as arbitrator was designated in the contract, not by name, but as the individual who should be superintendent of the respondent company. The particular words of the agreement upon this subject are as follows:

"The superintendent of the party of the first part is hereby constituted an arbitrator, to whom shall be submitted any dispute arising out of this agreement, or the performance thereof; and his award in the matter shall be final, conclusive, and without appeal therefrom."

There can be no mistake as to the meaning of the words. No ambiguity or uncertainty can be attributed to them. There was a plain, solemn agreement to submit matters in dispute arising out of said contract to an arbitrator. The matters involved in this suit arose directly out of that contract. The court found that appellant commenced this action without ever demanding or offering to arbitrate the matters in dispute, and that it has never at any time before or since the bringing of the action offered to arbitrate or demanded the same. Is the appellant, notwithstanding such failure to demand an arbitration, entitled to maintain this suit? Counsel upon both sides have indulged in elaborate and interesting arguments upon the history of the law pertaining to arbitration both in this country and in England. It seems unnecessary, however, for us to review the authorities outside of this jurisdiction. All questions of public policy as to the propriety of arbitration seem to have been already resolved in this state, both by the legislature and by the courts, in favor of recognizing it as a method by which disputing parties may settle their differences. The legislature long since declared a method by which such

arbitration may be had. The statute upon the subject is found embodied in Bal. Code, §§ 5102 to 5112. Section 5103 provides that the agreement to arbitrate shall be in writing, signed by the parties, and conditioned that the parties entering into the agreement shall abide the award. Provision is made for filing the award in the office of the clerk of the superior court of the county where the arbitration is held, and for the procedure of the court thereon. Parties entering into an agreement to submit matters in dispute to arbitration do so in the light of this law, and with a full understanding of their rights and obligations thereunder. In *Hughes v. Bravinder,* 9 Wash. 595 (38 Pac. 209); 14 Wash. 304 (44 Pac. 530), this court held that where, by the specifications of a contract governing the erection of a building entered into between the owner and a contractor, all differences between them are to be submitted to a superintendent, whose decision shall be final, there can be no action upon the contract until matters in dispute between the owner and contractor have been submitted to and decided by such superintendent, unless it is made to appear that the superintendent has acted fraudulently, or has refused to act at all. In *Lidgerwood Park Water Works Co. v. Spokane,* 19 Wash. 365 (53 Pac. 352), there was a written contract between the water company and the city of Spokane, wherein it was agreed that the city would pay "such compensation for the said rights and property, if any, as may be agreed upon by the arbitration of the mayor, the chairman of the finance committee, and the president of the board of public works of the city of Spokane, whose action, when approved by the city council, shall be binding and conclusive upon the parties." No arbitration having been had, suit was brought to recover the value of property transferred. The court said: ".

. . we are of the opinion that it was incumbent upon the plaintiff to have demanded of the arbitrators that they proceed to arbitrate with reference to further compensation, if 'ie desired any, before the time expired, and not having lone so, the action cannot be maintained."

In *Jerman v. Plummer*, 20 Wash. 363 (55 Pac. 315), an action was brought to recover possession of certain property of a local society which was a branch of the Theosophical Society of America. The parties were all members of the local society. The by-laws of the national organization contained the following:

"The executive committee shall be the court of final appeal in disputed questions arising between members of, in and between branches."

No effort was made before bringing the suit to have the questions involved determined by the committee mentioned in the by-law, and it was held that the action could not be maintained. It is true, there was lacking there the element of a direct, written agreement between the parties to submit to arbitration; but by their subscription to the by-laws of the society an analogous principle was involved. In *De Mattos v. Jordan*, 15 Wash. 378 (46 Pac. 402), a building contract provided that the bills for materials and labor should be audited and certified by the superintending architect, and that his certificate should be binding and conclusive upon the parties. It was held that recovery could only be had for such items as were audited and certified by the architect. In *Van Horne v. Watrous*, 10 Wash. 525 (39 Pac. 136), the court said:

"Courts will enforce contracts to arbitrate disputes and make the decision of arbitrators final where the parties to a contract make it clearly to appear that such was their intention; but whenever they leave it doubtful whether such a method of settling a disputed question was in-

tended to be left to the final decision of arbitrators, the construction is in favor of the right to resort to the courts for redress in the usual manner."

To the same effect are *Skagit County v. Trowbridge* 25 Wash. 140 (64 Pac. 901), and *School District v. Sage,* 13 Wash. 352 (43 Pac. 341). It will be observed that some of the foregoing decisions are based on provisions in contracts in all respects similar in principle to the one in the case at bar. The trial court has found that no effort was made by appellant to have an arbitration, and that the arbitrator did not refuse to act. It appears from the record that the parties submitted themselves to the court for the trial of those questions of fact at the hearing of the motion to dismiss. The demurrer to the amended complaint, if it had been passed upon, should have been sustained for failure to show an effort to arbitrate, or a refusal on the part of the arbitrator; but since the demurrer was never passed upon, and the court tried the question of fact upon the motion to dismiss, the same result was reached. Moreover, the motion to dismiss was, in its terms, equivalent to a plea of *res adjudicata,* upon which the parties seem to have submitted themselves for trial. Since appellant could not' maintain this action for reasons herein given, it became as much its duty to participate in the arbitration it was notified to attend as if this suit had never been brought. Having had such opportunity, and having declined to participate, it must now be bound by the result.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, WHITE and MOUNT, JJ., concur.

FULLERTON and ANDERS, JJ., dissent.