[No. 4495.  Decided March 24, 1903.]

THOMAS WINSOR, *Appellant,* v. GERMAN SAVINGS AND
LOAN SOCIETY *et al., Respondents.*

INJUNCTION — VIOLATION OF PARTY WALL AGREEMENT — ACTION BY
TENANT — NECESSARY PARTIES.

The fact that adjoining owners had under a party wall agree-
ment provided for the common use of an elevator, stairway, and
halls in the building would not make the owner of one of the
buildings a necessary party plaintiff in an action by his tenant
to restrain the proprietors of the adjoining building from dis-
turbing his peaceable and quiet possession by blocking up one
of the halls so as to prevent egress and ingress from said tenant's
premises by way of such elevator and stairway.

SAME — ADJOINING LOT OWNERS — RESTRAINING TRESPASS — CON-
STRUCTION OF STATUTE.

Under Bal. Code, § 5433, which provides that "an injunction
may be granted to restrain the malicious erection, by any owner
or lessee of land, of any structure intended to spite, injure, or
annoy an adjoining proprietor," a right of action is given to the
one occupying the premises either as tenant or owner.

SAME — AGREEMENT FOR ARBITRATION — ESTOPPEL.

Where the *status quo* under a party wall agreement, which
provided for the common use of halls, stairway and elevator in
adjoining buildings, and that in case of a dispute between the
parties resort should be had to arbitration, was disturbed by
the wrongful action of one of the parties in dispossessing the
other from the free use of the premises in dispute, the injured
party may resort to the courts, instead of being compelled to
propose an arbitration.

Appeal from Superior Court, King County.—Hon.
BOYD J. TALLMAN, Judge.  Reversed.

*Charles A. Kinnear* and *James M. Epler,* for appellant.

*Fred H. Peterson,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by the appellant to enjoin the respondents from closing up an entrance to a hallway, elevator, and stairway, affording access to a hotel occupied by appellant in the city of Seattle. A demurrer to the complaint was sustained by the court below, and, plaintiff electing to stand on the allegations of his complaint, the cause was dismissed. Plaintiff appeals.

The complaint alleges, in substance, that the plaintiff is a lessee from the owner and in possession of lot 3 of block 10, Maynard's Addition to Seattle, on which lot is located a building known as the "Richelieu Hotel," and used as such by the plaintiff; that the defendants are in possession of lot 4, being an adjoining lot in the same block, on which lot is located a hotel known as the "Palmer House"; that these two buildings have a common entrance, the same being a hallway fourteen feet wide, located on the ground floor on the line dividing said lots 3 and 4, and running back to an elevator on lot 3, and to a stairway on lot 4, at the end of the common hall; that the elevator and stairway lead to a hall above, which is also a common hall, affording ingress and egress to both buildings; that in this hall there is constructed an archway through which occupants must pass going to and from the buildings by the elevator and stairway; that the defendants have placed at said arch in said hall, on the property in possession of plaintiff, fire-proof shutters, and have fastened and locked the same, solely for the purpose of preventing the plaintiff and his guests from making ingress and egress to and from plaintiff's hotel; that the placing of the shutters in said hall was a trespass; that plaintiff has often removed the same, but defendants have replaced and locked the same, thereby annoying the plaintiff and his guests, and damaging his

business; that, when said shutters are closed and locked, the guests of plaintiff's hotel are unable to reach the elevator or stairway, and are thus put to such annoyance as to quit said hotel as guests; that plaintiff has no adequate remedy at law; and that, unless defendants are restrained from doing the acts above named, plaintiff will suffer irreparable injury. Plaintiff then prays for a temporary restraining order, etc. The plaintiff, in his complaint, also set up the party-wall agreement entered into between the original owners of the buildings at the time the same were constructed, in which agreement the common use of the halls, elevator, and stairways was provided for. This agreement contained the following clause:

"In case the parties hereto cannot agree on the value of that portion of said party wall to be used in the extension of said second party's said brick building, or in case of any other matter of disagreement between them under this agreement, all such matters shall be left to arbitration and each of said parties shall select a reputable person who is a resident landowner in said city, who together shall determine the matter of difference between the parties, so submitted for arbitration to them; and, in case said arbitrators cannot agree, they shall select a third of same qualifications, who, acting with the other two, shall determine such matter of difference so submitted, and an award made under this agreement shall be final between the parties hereto."

Subsequent to the filing of the complaint, the plaintiff, by leave of the court, filed a supplemental complaint, in which it was alleged that plaintiff had offered, subsequent to the filing of the complaint, to arbitrate the differences on account of the obstructions named, and that defendants had refused to arbitrate.

1. The points raised by the demurrer and argued in the brief are (1) that the owner of the building leased to

plaintiff is a necessary party; and (2) that the plaintiff cannot maintain this action because the agreement for the use of the halls in common provides for arbitration. Whether the plaintiff's landlord is a necessary party depends upon the nature of the action. This action, it seems to us, is one where plaintiff seeks to maintain the peaceable and quiet possession of property wrongfully disturbed by the defendants, and nothing more. The plaintiff alleges that he is a tenant in possession of the property, and that his possession has been disturbed by a wrongdoer. It is not necessary that the owner of the real property shall be made a party to an action by the tenant to maintain his right of possession against a wrongdoer. Taylor, Landlord & Tenant (8th ed.), §§ 178 and 200. Furthermore, the allegations of the complaint bring the plaintiff within the statute which provides, at § 5433, Bal. Code, as follows:

"An injunction may be granted to restrain the malicious erection, by any owner or lessee of land, of any structure intended to spite, injure, or annoy an adjoining proprietor. And where any owner or lessee of land has maliciously erected such a structure with such intent, a mandatory injunction will lie to compel its abatement and removal."

Under this section the proprietor may maintain the action. The word "proprietor" means the person occupying the premises either as tenant or owner.

2. This court, in *Van Horne v. Watrous,* 10 Wash. 525 (39 Pac. 136), said:

"Courts will enforce contracts to arbitrate disputes and make the decision of arbitrators final where the parties to a contract make it clearly to appear that such was their intention; but whenever they leave it doubtful whether such a method of settling a disputed question was intended

to be left to the final decision of arbitrators, the construction is in favor of the right to resort to the courts for redress in the usual manner."

And this was quoted with approval in *Zindorf Construction Co. v. Western American Co.,* 27 Wash. 31 (67 Pac. 374), where the decisions of this court upon that question are reviewed. But conceding this rule, and also conceding that it clearly appears from the contract for arbitration that the use of the hallway, elevator, and stairway by tenants is à matter which shall be left to arbitration, still the defendants cannot claim that right in this case; for, if it be true, as alleged, that they have unlawfully and wrongfully taken possession of the hallways, elevator and stairway, and forcibly deprived plaintiff of the use thereof, they at least by these acts have waived the arbitration clause in the agreement, and cannot now be heard to say that "we are in possession wrongfully, but, before you have any rights which may be enforced, you must propose an arbitration, and then, if we refuse, you may resort to the courts for redress." An agreement for arbitration necessarily implies that the property over which the dispute arises must remain *in statu quo* pending the arbitration. Where one of the parties to a contract of arbitration wilfully violates the contract, and wrongfully dispossesses the other, he cannot be heard to say that the other must propose an arbitration before his right of action accrues. Arbitration will not be enforced at the instance of a party who wilfully violates the contract, who is a wrongdoer, and who by his wrong changes the *status quo* of the parties or property in dispute. The complaint alleges, in substance, that the defendant wrongfully obstructed the hallway by placing therein fire-proof shutters *solely for the purpose of preventing the plaintiff and his guests from*

*using the said hallway;* that plaintiff has often removed these obstructions, but defendants have replaced the same. Under this allegation, it was not necessary for appellant to offer to arbitrate.

For these reasons, the judgment of the lower court is reversed, and the cause remanded with instructions to overrule the demurrer.

FULLERTON, C. J., and HADLEY, DUNBAR and ANDERS, JJ., concur.