[No. 18330. Department Two. June 3, 1924.]

L. W.. JACKSON, *Appellant,* v. THE CITY OF WALLA WALLA, *Respondent.*[1]

ARBITRATION AND AWARD (3)—AGREEMENT TO ARBITRATE—CONDITION PRECEDENT TO ACTION. Where a contract for extensions and improvements to a city water system provided for arbitration of disputes that might arise, a contractor is not justified in terminating the contract on the city council's refusal to allow his claim in a dispute over the engineer's estimates, but the agreement for arbitration will be enforced against him according to its terms.

SAME (3)—OFFER TO ARBITRATE—TENDER AFTER DEFAULT OF CONTRACTOR. In such a case, a communication from the contractor to the city to the effect he is willing to submit the matter to arbitration according to the contract comes too late after he has wrongfully terminated the contract, refused to proceed thereunder, and permitted the city to declare a forfeiture for his default.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for Walla Walla county, Miller, J., entered February 26, 1923, upon granting a nosuit, dismissing an action on contract. Affirmed.

*W. B. Mitchell, John Hurspool,* and *E.. B. Quackenbush,* for appellant.

*James P. Neal* and *John L. Sharpstein,* for respondent.

MITCHELL, J.—On February 24, 1922, L. W. Jackson entered into a written contract with the city of Walla Walla to construct and install additions and betterments to and extensions of the water system owned and operated by the city. He commenced work on March 13, and on April 1 the engineer in charge for the city, acting under the terms of the contract, rendered to the contractor a written certificate and estimate of work

[1]Reported in 226 Pac. 487.

done during March, upon which the city should make payment according to the plan provided in the contract of monthly written estimates in order to enable the contractor to prosecute the work advantageously. On May 1, the engineer rendered a written certificate and estimate of the work done in April. The contractor collected from the city eighty-five per cent of those amounts, as the contract provided for. Thereafter the contractor, not being satisfied with those estimates, had a controversy with the city over them, which resulted in his giving the city written notice on May 11 of his treating the contract as terminated and his abandonment of all work thereunder. Thereupon, claiming that the city was at fault and had breached the contract, he brought this action in September, 1922, to recover a balance alleged to be due for work already performed, and to recover a further sum as profits which he alleged he would have made but for the breach of the contract by the city. The city, by its answer, denied liability, alleging that the plaintiff broke the contract, and affirmatively set up a counterclaim in damages therefor. A jury was called and sworn to try the case. At the close of the evidence on behalf of the plaintiff, the defendant was permitted, by stipulation of the parties, to withdraw its counterclaim without prejudice, and thereupon the city moved for a nonsuit, which was granted, and the plaintiff has appealed from the judgment of nonsuit.

Article 8 of the contract provides:

"The Engineer shall decide as to the meaning and intent of any and all portions of these Specifications, or of the drawings, where the same may be found obscure or in dispute; . . .

"The Engineer shall decide all questions which may arise as to measurements of quantities and the fulfill-

ment of these Specifications, and shall determine all questions respecting the true construction or meaning of the drawings and Specifications, and his determination and decision shall be final and conclusive, subject to revision by arbitration as hereinafter provided.

"In the event the Contractor does not agree with the Engineer's decision or interpretation as provided for in this Article 8, then he shall not proceed with the work specifically affected by such decision or interpretation of the Engineer until he has first notified the City of Walla Walla that he does not agree with the Engineer's decision on the question in controversy, which notice shall be in writing, specifying the differences existing, signed by the Contractor and delivered to the Clerk of said City, and the Contractor shall then wait 48 hours for the action of the City of Walla Walla before proceeding with the work specifically affected by the disagreement. After said 48 hours have elapsed the Contractor shall proceed with the work as directed by the Engineer unless the City of Walla Walla in writing directs him in the premises, in which event he shall follow the said directions. No additional compensation shall accrue to the Contractor by reason of said delay. Unless these conditions are complied with by the Contractor he shall forfeit all his rights of appeal from the Engineer's decision as provided for in Article 9."

Article 9 of the contract provides:

"In the event the Contractor desires to appeal from the Engineer's decision a Board of Arbitration shall be created to consist of the following members: The Engineer, the Contractor's engineer, and these two members to select by mutual agreement the third member of said Board. The Engineer in this particular instance is intended to imply the Chief Engineer himself. The decision and award of said Board of Arbitration shall be made in writing to both parties to the Contract, and when so made shall be binding to both parties. . . . Such arbitration is intended to avoid litigation and a written offer to submit thereto by

either party to the Contract, followed by such arbitra-
tion (if said offer is accepted and acted upon within
twenty (20) days after the same is made) shall be a
condition precedent to any action at law by either
party under the Contract.''    .

On May 9, the appellant addressed a written com-
munication to the city and filed it with the city clerk,
objecting to the estimates made by the city's engineer
for work to May 1, claiming a difference of $1,500, and
stating that it would be necessary for him to be paid
that additional amount on or before May 10 in order
to prosecute the work advantageously under the terms
of the contract.  On May 10, in response to appellant's
communication, the city, at an adjourned session of its
commission, resolved to ''make no variation'' from its
engineer's estimate, of which resolution the appellant
was promptly notified in writing.  Thereupon, instead
of proceeding, or attempting to proceed, to arbitrate
the differences between them, as required by the terms
of their contract, the appellant wrote and delivered to
the city on May 11 a notice, as follows:

''I am in receipt of your favor of May 10, 1922, with
relation to your decision relative to my communication
of May 9th, and you will please take notice that by
reason of your failure to comply with the terms of
your contract with me, in failing to pay me the sums
of money, at the times and in the amounts as specified
in your contract with me, so that I could advantage-
ously complete my contract with the city in accord-
ance with the terms thereof, it has rendered it im-
possible for me to further proceed, and you are there-
fore notified that it is my position that you have
breached your contract with me, and violated the terms
thereof, and I will hereby treat the same as terminated,
and I will immediately discontinue all work there-
under, and I hereby demand and claim payment of all
sums due and to become due me under the terms there-

of, the amount of which will be furnished to you in a further communication.

"Yours very truly,
"L. W. Jackson."

Since that date the appellant has done nothing whatever in the performance of the contract, although the city engineer notified him in writing that unless he resumed performance of the contract within five days from May 12 it would be treated as a forfeiture and abandonment of the contract on the part of the appellant. After the appellant notified the city of his disagreement with the estimates of the city's engineer, he did not have to "wait forty-eight hours for the action of the city of Walla Walla before proceeding with the work," because the city gave him notice the next day that it would abide by its engineer's estimates. As already seen, article 8 of the contract provides that after the city has acted on the notice from the contractor, or as is contemplated by the terms of the article, "after forty-eight hours have elapsed the contractor shall proceed with the work as directed by the engineer unless the city of Walla Walla in writing directs him in the premises, in which event he shall follow the said directions." The city did not give him any directions whatever, but the engineer notified him to go to work within five days under penalty of forfeiting his rights under the contract. But still he did not go to work, and in article 8 of the contract it is said, "unless these conditions are complied with by the contractor he shall forfeit all his rights of appeal from the engineer's decision as provided for in article 9." The appeal provided for is to a board of arbitration, and by article 9 it is emphatically stated and agreed that such arbitration is intended to avoid litigation and shall be a condition precedent to any action at law by either party under the contract.

Such contracts are enforcible.  The city is entitled to its right not to be sued upon the failure or refusal of a contractor to arbitrate differences and at the same time engages in delay in the performance and completion of important public works, as is the contractor entitled to the benefit of a plan insuring a prompt and inexpensive adjustment of compensation he claims to be due him, where they enter into a contract to that effect.  In *North Coast R. Co. v. Kraft Co.,* 63 Wash. 250, 115 Pac. 97, it was held:

"Where a contract provides for a method of adjusting all differences that may arise between the parties, that method must be pursued before either party can resort to the courts for an adjustment.  *Zindorf Construction Co. v. Western American Co.,* 27 Wash. 31, 67 Pac. 374; *Hughes v. Bravinder,* 9 Wash. 595, 38 Pac. 209; *Lidgerwood Park Water Works Co. v. Spokane,* 19 Wash. 365, 53 Pac. 352."

To the same effect is the case of *Herring-Hall-Marvin Safe Co. v. Purcell Safe Co.,* 81 Wash. 592, 142 Pac. 1153.

Certainly the rule applies in this case where the contract goes further than those in the cases just cited and provides that arbitration shall be a condition precedent to any action at law.

Appellant seeks to escape because of the fact that on May 12 he notified the city that he was "willing to have all questions in controversy which have arisen between the city and the undersigned arbitrated by a board of arbitrators, as contemplated in the contract. . . .   Please advise at once whether or not you desire the questions in controversy settled by arbitration."  However, at the time this notice was given, the contract had been terminated by him and he had abandoned the work.  It was not contemplated in the contract that the city could be called upon to arbitrate

with one after that one had terminated the contract, or lose its right to contend that it could not be sued in an action at law if an appeal to a board of arbitration was not taken before the one suing had terminated the contract. In his notice of willingness to arbitrate all differences there was no statement or suggestion that he had returned to work, as indeed there could not have been, nor indication of any intention on his part to ever go on with the performance of the contract on his part. Under the relations then existing between the parties, and by the terms of the notice that was given, the notice was nothing more than an offer of a statutory, not a contract, arbitration that the city was at perfect liberty to reject without prejudicing its right to successfully move for a nonsuit in an action at law to recover damages for an alleged breach of the contract, commenced by the contractor, who made the offer at a time he was in default and not situated so as to exercise the right of arbitration under conditions prescribed by the contract.

Judgment affirmed.

MAIN, C. J., BRIDGES, and FULLERTON, JJ., concur.

PEMBERTON, J., dissents.