[No. 61374-5. En Banc. July 13, 1995.]

AMERICAN STATES INSURANCE COMPANY, *Appellant*, v. DAVID *and* WENDY CHUN, ET AL., *Respondents*.

*Mitchell, Lang & Smith*, by *Wade Keenon* and *William Kelly Olson*, for appellant.

*Schauermann & Thayer*, by *Craig Schauermann* and *David Gedrose*, and *Hoffman, Hart & Wagner*, by *Jeffrey Street*, for respondents.

SMITH, J. — Appellant American States Insurance Company seeks direct review of an order of the Clark County Superior Court denying its motion to stay arbitration and its action for declaratory relief against Respondents David and Wendy Chun and Liberty Northwest Insurance Group. We granted review. We affirm.

QUESTIONS PRESENTED

The questions presented in this case are (1) whether the Clark County Superior Court erred in dismissing American States' declaratory judgment action based upon a conclusion that an arbitration award not confirmed under RCW 7.04.150 may not have preclusive effect on subsequent proceedings; and (2) whether the court erred in awarding attorney fees to Respondents David and Wendy Chun.

STATEMENT OF FACTS

On July 23, 1993, Respondent David Chun was injured in a two-automobile accident.[1] Ms. Donna Nodine, the other driver involved in the accident, was insured by Colonial Insurance Company of California. Colonial Insurance paid David and Wendy Chun (Chuns) $25,000, the limits of Ms. Nodine's liability coverage.[2] The Chuns themselves were insured by American States Insurance Company and Liberty Northwest Insurance Group. Both policies provided underinsured/uninsured motorist (UIM) benefits. The owner of the automobile Mr. Chun was driving was insured by State Farm Insurance Company. The State

---

[1]Clerk's Papers, at 4.

[2]Clerk's Papers, at 5, 25.

Farm policy also provided UIM coverage of $100,000 per person.

The Chuns filed a claim against the State Farm policy. The case went to arbitration under terms of that policy. The arbitrators determined the Chuns incurred $23,508.73 in health care expenses, $8,739 in lost wages, and $67,752.27 in past, present and future general damages, for a total of $100,000.[3] State Farm then paid the Chuns $75,000.[4]

The Chuns then filed claims for UIM benefits under the American States and Liberty Northwest policies and demanded arbitration of both claims.[5] These policies provided coverage for "excess over any other collectible insurance".[6] The State Farm policy provided primary coverage.[7]

American States filed this complaint against the Chuns and Liberty Northwest, seeking declaratory judgment that the Chuns are not entitled to UIM benefits under its policy.[8] It claimed the arbitration award conclusively determined that the Chuns' total damages were $100,000, which they had already received from State Farm and Colonial Insurance, and that they were collaterally estopped from making their claim against American States for excess coverage. American States and Liberty Northwest also filed a motion to stay arbitration of the Chuns' claims,

---

[3]Clerk's Papers, at 18. The document before us is signed by only one of three arbitrators. Yet none of the parties question its validity. Indeed, Appellant American States concedes it does not dispute validity of the document. Clerk's Papers, at 11.

[4]Clerk's Papers, at 5. Report of Proceedings (December 10, 1993), at 9-10.

[5]Clerk's Papers, at 14-16.

[6]Clerk's Papers, at 87.

[7]Clerk's Papers, at 5.

[8]Clerk's Papers, at 6. The record does not include Respondent's answer to the complaint filed by American States.

citing RCW 7.04.020 and RCW 7.04.060. RCW 7.04.060 is not relevant, but RCW 7.04.020 is controlling in this case.[9]

The trial court, the Honorable James D. Ladley, determined that the arbitration award against State Farm was not judicially confirmed and thus could not serve as the basis for collateral estoppel.[10] On January 21, 1994, the court entered an order denying the motion for stay, dismissing American States' complaint and awarding the Chuns $1,250 in attorney fees.[11] At American States' request, the court dismissed the case "without prejudice" to enable it to return to court if the Chuns' arbitration award against State Farm was later reduced to judgment.[12]

On February 18, 1994, American States filed notice of appeal, seeking direct review by this court of the Superior Court decision.[13] We granted review on July 6, 1994.

## DISCUSSION

■ The decision in this case can be simply reached. Appellant American States sought a stay of arbitration under RCW 7.04.020, which provides that any application under RCW 7.04 shall be "heard in a summary way"[14] in a manner provided by law or court rules for hearing motions. American States concedes it was not entitled to a stay under the statute, and also concedes its application should be heard and decided in a summary way. In its motion for stay of arbitration before the Superior Court, Appellant's only asserted ground for relief was that "there is nothing left to decide". That is not sufficient to establish entitlement to a stay. Appellant American States has not in any way established its entitlement.

---

[9]Clerk's Papers, at 7, 20.

[10]Report of Proceedings (December 17, 1993), at 2.

[11]Clerk's Papers, at 103-04.

[12]Clerk's Papers, at 104. Report of Proceedings (January 21, 1994), at 11.

[13]Although named a respondent in this proceeding, Liberty Northwest Insurance Group did not formally appear before this court.

[14](Italics ours.)

 A dismissal without prejudice is not appealable under RAP 2.2 unless it is a final judgment or a "decision affecting a substantial right in a civil case which in effect determines the action and prevents a final judgment or discontinues the action".[15]

 An order to proceed with arbitration is not appealable.[16] A party is not entitled to declaratory judgment when arbitration will resolve a dispute under a contract.[17] Where arbitration is called for "that method must be pursued before either party can resort to the courts for an adjustment".[18]

 Under the facts of this case, the dismissal without prejudice is not appealable. The order merely denies a motion to stay arbitration and attendant declaratory relief. The parties must then pursue arbitration according to the terms of their contract.

Because of the conclusion we reach in this case, we need not resolve the conflict between the decision of the Court of Appeals, Division One, in *Dougherty v. Nationwide Ins. Co.*[19] and the decision of the Court of Appeals, Division Two, in *Channel v. Mills*.[20] Similarly, we need not address the issue of attorney fees awarded the Chuns.

## CONCLUSION

We affirm the order of the Clark County Superior Court which dismissed the declaratory judgment action of Appellant American States Insurance Company and awarded attorney fees to Respondents David and Wendy Chun.

---

[15]*Munden v. Hazelrigg*, 105 Wn.2d 39, 42-44, 711 P.2d 295 (1985). RAP 2.2 (a) (1), (3).

[16]*All-Rite Contracting Co. v. Omey*, 27 Wn.2d 898, 901, 181 P.2d 636 (1947).

[17]*King County v. Boeing Co.*, 18 Wn. App. 595, 602, 570 P.2d 713 (1977).

[18]*North Coast R.R. v. Kraft Co.*, 63 Wash. 250, 257, 115 P. 97 (1911). *Accord Jackson v. Walla Walla*, 130 Wash. 96, 101, 226 P. 487 (1924).

[19]58 Wn. App. 843, 795 P.2d 166 (1990).

[20]61 Wn. App. 295, 810 P.2d 67 (1991).

DOLLIVER, GUY, and JOHNSON, JJ., and BRACHTENBACH and UTTER, JJ. Pro Tem., concur.

ANDERSEN, J.*(concurring in part, dissenting in part) — I agree with the majority that the trial court's order dismissing, without prejudice, the insurer's declaratory judgment action and its order denying the motion for stay of arbitration are not appealable orders. Consequently, I would dismiss the insurer's appeal from those orders.

I disagree with the majority's treatment of the appeal from the award of attorney fees and therefore dissent.

The award of attorney fees, unlike the other orders considered here, is a final judgment and thus appealable. RAP 2.2(a)(1).

The exception to the American rule in awarding attorney fees, which was announced in *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991), is a very narrow exception. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 876 P.2d 896 (1994). Where coverage is not an issue and the dispute is over the value of the claim presented under the policy, attorney fees are not authorized. *Dayton*, 124 Wn.2d at 280.[21]

Here the dispute was similar to that considered in *Dayton*. It was over the amount of damages suffered, not over coverage. Attorney fees thus were not authorized and I would reverse the award of fees.

DURHAM, C.J., and MADSEN, J., concur with ANDERSEN, J.

---

*Judge James A. Andersen is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a), *amended by* Const. amend. XXXVI.

[21]The trial judge did not have the benefit of our opinion in *Dayton v. Farmers Ins. Group, supra.*