[No. 454. Decided June 10, 1892.]

W. H. CRAIG AND J. W. CRAWFORD, *Respondents*, v. S. R. GEDDIS, *Appellant*.

ACTION ON BUILDING CONTRACT—WHEN ARCHITECT'S CERTIFICATE REQUIRED.

In an action upon a building contract, providing that payment should be conditional upon a proper certificate from the architect that the work had been satisfactorily done and accepted by him, an instruction to the jury that if they found that the contract had been substantially complied with by the plaintiffs, and that a certificate of due performance had been demanded and refused, these facts would authorize them to find that the architect had wrongfully withheld the certificate and recovery could be had without it, is erroneous. If there remains any material part of the work which can reasonably be done in accordance with the contract, the architect

may rightfully withhold his certificate until the contractor has completed the same, and so long as he can rightfully withhold the certificate there can be no recovery without it.

*Appeal from Superior Court, Kittitas County.*

Action by Craig & Crawford, partners, against S. R. Geddis for work done and materials furnished under a writen contract to fully complete all the brick work necessary in the erection of a certain building, to the full and complete satisfaction of the architect, who was superintending the construction. Judgment for plaintiffs, and defendant appeals.

*Austin Mires* and *R. B. Milroy,* for appellant.

*Bausman, Kelleher & Emory,* for respondents.

The opinion of the court was delivered by

HOYT, J.—This action was brought by the respondents to recover of the appellant a balance alleged to be due upon a contract for the construction of a certain brick building in Ellensburgh. The contract contained the usual clause making payment conditional upon a proper certificate from the architect that the work for which the payment was claimed had been satisfactorily done and accepted by him. No such certificate was presented by the respondents as a basis for the demand for the payment of the sums for which the action was brought. They alleged in their complaint, however, as a reason why such certificate was not furnished, the fact that the architect unreasonably, obstinately and in bad faith, refused to give the same. The only proof offered on the part of respondents, to support this allegation in the complaint, was testimony tending to establish the fact that the work which they were to do under the contract had been done and completed in substantial conformance with the requirements of said contract. The court instructed the jury that if they found that the con-

tract had been substantially complied with by the respond-
ents, and that a certificate of due performance had been
demanded; that these facts of themselves would authorize
them to find that the architect had wrongfully withheld
the certificate, and that under such circumstances, recov-
ery could be had without it.  This instruction is complained
of by the appellant, and upon it hangs the question as to
whether or not the verdict of the jury can stand.  It is
true that various other questions are raised on the part of
the appellant, and met by the brief of respondents, but
we think that they substantially resolve themselves into
the proposition above stated.  If the court were right in
thus instructing the jury, we think the evidence in regard
to other branches of the case was sufficient to sustain the
verdict.

What is the proper rule as to the necessity and force of
the architect's certificate under contracts of this kind?
That the provision of the contract requiring such certifi-
cate should be given force, is too clear for argument, and is
not denied, as we understand it, by the respondents.  If,
however, the law of such cases justifies the instruction
given by the court in this case, we are unable to see that
any substantial benefit to either party can be derived
from requiring such certificate.  Without such provision
the respondents, to have recovered upon the contract,
would have been required to show a substantial compli-
ance therewith on their part, or some acts on the part of
the appellant excusing them from such performance, and,
as under the instruction of the court as above stated, that
was all they were required to show, with such provision
in the contract, it follows that said instruction deprived
appellant of any and all benefit from such provision.

Counsel for respondents, with great diligence and abil-
ity, cited to the court a large number of cases in which, as
he claims, this precise question had been decided in accord-

ance with the views represented by such instruction. We think, however, that none of them go to the extent necessary to sustain such ruling. In many of the cases cited it has been held that a substantial compliance with the contract is sufficient to warrant a recovery thereon. And that if there has been a substantial compliance with the contract it becomes the duty of the architect to certify, even although there has not been a complete and absolute compliance therewith. We find no fault with the language of the court in any of these cases when construed in the light of the facts before it, for it is no doubt true that the architect when called upon for his final certificate should furnish the same if the work has all been completed substantially in accordance with the conditions of the contract, and there remains nothing more which the contractor should rightfully be called upon to do at that time to complete the entire work. And this is the extent to which the cases cited go, as we understand them. It has never been decided to our knowledge that an architect can righfully be required to give his certificate of final completion when any portion of the work is incomplete, and so situated that it can be fully completed as well in the condition of the work as it then stands as it could have been at any prior stage thereof. The most that the strongest cases in behalf of the respondents hold is, that the architect's certificate may be rightfully required even although during the progress of the work there has been considerable departure from the letter of the contract, if at the date such certificate is required such departure has so become a part of the completed work that to then require the defect to be remedied would be unreasonable. If the contention of the respondents as to the law of this case is correct, it must follow that a contractor can leave the work in an unfinished state and rightfully demand a certificate from the architect that it is fully completed, if in fact it has so far progressed that it

may be said to be substantially completed. In other words this court is asked to hold that if the work required under a contract has been, when taken as a whole, substantially completed, an architect who refuses his certificate of entire completion is guilty of a wrongful and unreasonable withholding of the same, even although at the time it was demanded much of the work remained unfinished, which could yet be completed without any increased expense over that fairly contemplated at the time the contract was entered into. Such construction of the law relative to this condition would absolutely nullify its force, and if it is to prevail, such conditions in building contracts may as well be eliminated therefrom. In our opinion such is not the law. The architect should be required to give his certificate only when there has been a substantial compliance with all the terms of the contract, and there remains nothing further to be done in relation thereto which it is practicable and reasonable to require to make the job a finished and complete one. If under these circumstances the architect refuses to give his certificate, the contractor can no doubt recover without it. But if there remains any material part of the work which can still reasonably be done in accordance with the contract, the architect may rightfully withhold his certificate until the contractor has completed the same, and so long as he can rightfully withhold his certificate there can be no recovery without it.

The instruction of the court not only warranted the jury in any case in excusing the production of the architect's certificate for the reasons above stated, but under the peculiar circumstances of this case, as disclosed by the proofs, was clearly erroneous. The undisputed proofs showed that a material part of the work was so inefficiently constructed that it had fallen down and had become of no value; that such work was of a nature that it could be replaced according to the conditions of the contract, and

had to be so replaced before the building could be considered substantially completed. The proof further showed that this defect was specially called to the attention of the contractors and they required to remedy the same, but that they refused so to do. Under these circumstances the instruction of the court was especially injurious to the rights of the appellant.

The judgment must be reversed, and the cause remanded for a new trial.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.