[No. 2108. Decided March 19, 1896.]

PETER HUGHES, *Appellant,* v. B. B. BRAVINDER *et al., Respondents.*

APPEAL—EFFECT OF REVERSAL UPON RETRIAL OF CASE.

The decision of the appellate court upon a cause which has been remanded for re-trial can be held to be the law of the case only to the extent that the facts developed upon the re-trial are the same as those upon which the appellate court has passed.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Affirmed.

*Frank H. Graves,* and *C. S. Voorhees (Graves & Wolf,*

and *Jones, Voorhees & Stephens,* of counsel), for appellant.

*F. T. Post,* and *A. G. Avery,* for respondents.

The opinion of the court was delivered by

Scott, J.—This is the second appeal in this action. The first one was from a judgment of non-suit rendered against the plaintiff, and this court was of the opinion that the court erred therein on the ground that from the proofs introduced it appeared that the plaintiff was entitled to recover the balance of the contract price, and for certain extras which had been presented to the superintendent and allowed. This was upon the assumption that the defendants had waived any claim for damages as against these items in consequence of having failed to present the claim to the superintendent at or prior to the time the parties met before him for an adjustment of their differences. It was said in the opinion then rendered that this court might then finally determine the rights of the parties, but in saying this, the court lost sight of the fact that only the proofs of the plaintiff had been introduced, and such statement was inadvertently made. It was of no binding effect, however, and was not intended to have any, for the court remanded the cause for a new trial. 9 Wash. 595 (38 Pac. 209).

Upon the re-trial it appeared from the testimony of the defendants that their claim for damages arising out of various matters connected with the erection of the building had in fact been presented to the superintendent prior to the time that the parties met with him for an adjustment of their respective claims, and the court found that a full hearing of said matters had been broken up and prevented by the action of the plaintiff, and for that reason his action could not be

20—14 WASH.

maintained, and a judgment was rendered dismissing the same, but without prejudice to the future present-ment of all of said matters to the superintendent for his decision thereon, and from this judgment plaintiff prosecutes this appeal.

It is urged that this court upon the former occasion held that the plaintiff had the right to maintain his action for the balance of the contract price remaining unpaid, and for the extras which had been presented and allowed by the superintendent, and furthermore that we held as against these matters that the claim of the defendants for damages had been waived. But that decision was rendered in view of the facts then before the court, and was not intended to prevent the defendants from presenting their side of the cause upon the re-trial, and now an entirely different state of facts appears.

We are of the opinion that the lower court took a correct view of the effect of the prior decision, and as, ·after an examination of the evidence, we are satisfied with the court's findings upon the questions of fact, the judgment thereon is affirmed.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.