[No. 4769. Decided September 21, 1904.]

## A. B. Eastham, *Respondent*, v. Western Construction Company, *Appellant*.[1]

Contracts — Construction — Performance — Certificate of Engineer. Where a railroad contract for the clearing of a right of way provides for payment upon the certificate of the chief engineer that the same has been fully completed, a certificate that he has "accepted" the work is all that is required.

Same — Agreement for Cutting Wood — Amount Called for. Where a railroad contract for clearing right of way at a stated price per acre, contains the following: "Cutting cord wood 2 ft. long, not to exceed 1,000 cords . . . $1.50," the contractor is not required to cut 1,000 cords, but it is optional with him to cut any amount not exceeding 1,000 cords, at $1.50 per cord.

Appeal from a judgment of the superior court for Clarke county, A. L. Miller, J., entered December 13, 1902, upon the verdict of a jury rendered in favor of plaintiff in an action upon contract. Affirmed.

*Long & Sweek* and *James P. Stapleton,* for appellant.

*W. W. McCredie,* for respondent.

Mount, J.—Appellant entered into a written contract with one William Laughlin, wherein said Laughlin agreed to clear that portion of the line of the Portland, Vancouver & Yakima Railway Company, beginning at Station 796, and continuing to Station 1063½, a distance of about five miles. Among other things, the contract provided that the said Laughlin should execute the said work in a substantial and workmanlike manner, and to the satisfaction and acceptance of the chief engineer of the Portland, Vancouver & Yakima Railway Company." The contract provided:

[1]Reported in 77 Pac. 1051.

"That upon the certificate of the chief engineer that the work contemplated under this contract has been fully completed and finished, agreeably to the various stipulations and specifications of this agreement, together with his estimate of the quantity of the various kinds of work done by said party under this agreement, which estimate shall be final and conclusive between the parties hereto," the appellant should pay to the said Laughlin, within thirty days after the delivery of said certificate, $39.50 per acre. Inserted in the contract were these words:

"Cutting cord wood, 2 ft. long, not to exceed 1,000 cords, ricked along road bed as directed by Chf. Engineer, $1.50."

After the clearing had been done, and after Laughlin had cut one hundred and one and one-half cords of wood, the chief engineer issued a certificate as follows:

"Western Construction Company, City: This is to certify that I have accepted clearing on main line extension between Sta's 796 plus 30 and 851 plus 20; 864 plus 50 & 884; 896 & 1066. Comprising 47.84 acres.

'F. M. Kettenring, Chief Engineer."

Thereafter Laughlin assigned his claim to respondent, who brought this action against appellant, claiming a balance due thereunder amounting to $782.78 for clearing, and $20.30 for wood cut. The complaint alleged a modification of the contract, by the omission of certain clearing included therein and a substitution of clearing not included in the contract, and a full compliance with the modified contract. It also alleged that a certificate of the engineer was given as required by the contract, and the failure of the appellant to pay for the work done. The answer admitted the original contract, but denied any modification thereof, and also denied that plaintiff had performed his contract; and, by way of affirmative defense, alleged that Laughlin was, by the terms of the contract,

required to cut one thousand cords of wood, and that he had refused to cut more than one hundred and one and one-half cords, and that appellant had thereby been damaged $449.25 in excess of the amount due on the contract. Plaintiff denied the new matter in the answer. Upon the issues thus made the cause was tried to a jury, which returned a verdict in favor of the plaintiff. From a judgment rendered thereon, the defendant appeals.

Appellant for a reversal of the judgment presents two questions on this appeal, as follows: (1) That the engineer's certificate does not show that Laughlin complied with the contract; (2) that the contract required Laughlin to cut one thousand cords of wood. The certificate of the engineer shows conclusively that he accepted the clearing which was to be done under the modified contract. It is true that the certificate does not state in the language of the agreement that the contract "has been fully completed and finished agreeably to the various stipulations and specifications of the agreement," yet that must necessarily follow when the engineer certifies that he has accepted the work.

We also think the lower court properly held that the contract did not require Mr. Laughlin to cut one thousand cords of wood. The contract was essentially one to clear the timber and brush from the right of way. After stating the price per acre for "clearing right of way," it contained these words: "Cutting cord wood, 2 ft. long, not to exceed 1,000 cords, ricked along road bed as required by Chf. Engineer, $1.50." There was no other provision in the contract referring to cord wood, and respondent nowhere therein agreed to cut any certain number of cords, unless the words stated are held to amount to such an agreement. We think the contract upon its face clearly shows that the parties intended that wood should be

cut at the option of Mr. Laughlin, in any amount not to exceed one thousand cords. This was the maximum he was at liberty to cut, under the terms of the agreement. A number of cases are cited by the appellant to the effect that, where one party makes a contract to furnish to another all the goods that may be ordered within a certain time, not to exceed a certain amount, then the contract will not be satisfied with less than the limit named. There is no doubt about this rule. But it seems clear to us that Mr. Laughlin is the party who should fix the number of cords of wood which shall be cut, within the limit of one thousand. He was at liberty to cut cord wood from the clearing in any amount not to exceed the limit, and was entitled to pay therefor at the rate of $1.50 per cord. The construction company authorized him to cut no more than that amount.

The judgment is affirmed.

FULLERTON C. J., and DUNBAR and ANDERS, JJ., concur.