[No. 12884.   Department Two.   February 2, 1916.]

SOUND CONSTRUCTION & ENGINEERING COMPANY, *Appellant*,
v. JOSHUA GREEN, *Respondent*.[1]

CONTRACTS—BUILDING CONTRACTS—CLAIM FOR EXTRAS — CONSTRUC-
TION OF CONTRACT—DECISION OF ARCHITECT—CONCLUSIVENESS—REASON-
ABLE DIFFERENCE OF OPINIONS.   Where the contract for a building
made the architect the arbiter or umpire for the purpose of deciding
questions that might arise on the contract, his decision that a third
elevator was called for by the contract and was not an extra, in case
the owner exercised the option of adding four stories to the six
stories started, is not fraudulent or arbitrary, but is binding on the
parties, where building experts disagreed as to the proper construc-
tion of the contract in that respect, and taking the contract and plans
and specifications as they were, the minds of men may honestly and
reasonably differ as to whether the third elevator was required for
the ten-story building or was to be considered as an extra.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered November 27, 1914, upon find-
ings in favor of the defendant, dismissing an action on con-
tract, tried to the court.   Affirmed.

*Weter & Roberts*, for appellant.

*Bronson, Robinson & Jones*, for respondent.

MAIN, J.—This action arises out of a building contract,
and has for its basis a claim for an item in the sum of
$4,078.40 as an extra.   After the issues were framed, the
cause was tried to the court sitting without a jury, and re-
sulted in a judgment dismissing the action.   From this judg-
ment, the plaintiff appeals.

On April 23, 1912, the respondent contracted with the ap-
pellant for the erection of a six-story building at the south-
west corner of Fourth avenue and Pike street, in the city
of Seattle, for the sum of $188,000.   This building was to
be constructed according to plans and specifications then
agreed upon.   Thereafter, and before the construction of

[1]Reported in 154 Pac. 791.

the building was entered upon, it was decided to alter the original plans from what was known as slow-burning construction to reinforced concrete construction, with foundation and walls sufficiently heavy to carry four additional stories, provided the owner should elect to have the building erected ten stories instead of six. For the purpose of evidencing this modification of the original contract, a supplemental contract was entered into on June 25, 1912. This supplemental contract provided that the contractor would build the four additional stories in accordance with the specifications for the sum of $86,496, provided the owner should declare his intention of having these stories added before the seventh floor slab should be completed. Plans or contract drawings were signed by the parties. Under the contract for the six-story structure, two elevators were to be installed, and the building was so constructed that a third elevator could be added. If the building was erected only six stories, the space for the third elevator was to be used for other purposes.

The owner, within the time specified in the supplemental contract, notified the contractor that he desired the building erected to ten stories instead of six. The architect, acting for the owner, then directed the contractor to construct the building for the third elevator. The ten-story building was erected and three elevators provided for. In the construction of the three elevators, the contractor was not required to remove any previous construction. His claim as an extra for this work is based upon constructive work only.

The controversy in this case is over the claim by the contractor that the third elevator was an extra. The question is whether the plans and specifications required the installation of the third elevator if the owner exercised, as he did, his option to have the building erected the four additional stories. The contract between the parties, except in particulars not here material, made the architect the arbiter or umpire for the purpose of deciding questions that might

arise under the contract; and provided that the decision of the architect upon all such matters, as between the owner and the architect, should be final and binding. The architect construed the plans and specifications to call for the third elevator for the ten-story building. According to this construction, the contractor would not be entitled to recover for the third elevator as an extra. According to the contention of the contractor, the construction of the third elevator was not called for by the plans and specifications if the building should be erected to the height of ten stories.

It is not claimed in this case that the parties did not have the right by contract to constitute the architect an umpire for the purpose of settling disputes and making his decision final, in the absence of fraud, arbitrary conduct, or palpable mistake; but it is claimed that the architect, in construing the plans and specifications as calling for a third elevator when the four additional stories were added, acted arbitrarily, and did not exercise an honest and independent judgment.

Upon the trial of the cause, the contractor produced a number of expert witnesses who testified that the plans and specifications could not reasonably be read to call for the construction of a third elevator when the four additional stories were added. The owner, the respondent, produced a number of expert witnesses who testified that the proper reading of the plans and specifications required the contractor to make the construction of the third elevator for the ten-story building. The trial court found that the contract, plans, and specifications reasonably meant that, if the additional stories were added, the third elevator was to be installed; and that the decision of the architect was not fraudulent, arbitrary, or the result of palpable mistake on his part.

The question here is not whether the architect can. read into the plans and specifications what is not found there, and thus, in effect, make a new contract for the parties, but is whether the architect acted arbitrarily, and did not exercise

an honest and independent judgment in construing the plans and specifications as calling for the third elevator. A careful study of the plans and specifications lead us to the conclusion that the architect's construction of them was not arbitrary, and that he is not guilty of having failed to exercise an honest and independent judgment. It is doubtless true that, taking the plans and specifications as they are, the minds of men may honestly and reasonably differ as to their construction; but this would not be sufficient to overturn the judgment of the architect, who had, by the contract, been made the arbiter to settle questions that might arise, and whose decision should be final and conclusive upon the parties. Had the plans and specifications been such that they would bear reasonably only one construction, and that was the opposite from that given by the architect, a different question would be presented.

The judgment will be affirmed.

MORRIS, C. J., BAUSMAN, HOLCOMB, and PARKER, JJ., concur.