[No. 14105.  Department Two.  August 29, 1917.]

C. F. SINGMASTER *et al.*, *Respondents*, v. H. M. HALL *et al.*, *Appellants.*[1]

PARTNERSHIP—ACTIONS—CONDITIONS PRECEDENT—ASSUMED NAMES —STATUTES. In an action by a foreign partnership, a certificate showing that they were entitled to do business in this state, filed before commencement of the trial, is in time.

NAMES—ASSUMED NAMES—"DOING BUSINESS." The bringing of a suit does not constitute doing business in this state, within Rem. Code, § 8369, providing that persons shall not do business in this state under an assumed name without filing a certificate showing the true names, etc.

PRINCIPAL AND AGENT—EVIDENCE—DECLARATIONS OF AGENT. Oral misrepresentations by one holding himself out as an agent, and inducing a sale, are inadmissible where the agency was denied and there is no proof that he was an agent of the defendant.

EVIDENCE—ORAL EVIDENCE TO VARY WRITING. A parol warranty of a horse is inadmissible where the written bill of sale states that the only guaranty given by the vendor is contained in the bill of sale.

SALES—RESCISSION—EVIDENCE—SUFFICIENCY — DELAY. Since rescission must be prompt and unconditional, no rescission of a sale is shown, where the purchasers of a pure bred stallion, sold under an erroneous name and number, upon discovery of the mistake, claimed damage in a certain sum and notified the seller that if that sum was not deducted from the price they would hold the horse subject to seller's order, and attempted rescission one year thereafter.

SET-OFF AND COUNTERCLAIM—DAMAGES. In an action on notes given for the purchase price of a stallion, offsetting damages on account of a mistake or misrepresentation is not objectionable as allowing a recovery of the reasonable value of the horse.

[1]Reported in 167 Pac. 136.

Appeal from a judgment of the superior court for Okan-
ogan county, Brawley, J., entered August 21, 1916, upon
findings in favor of the plaintiffs, in an action on promissory
notes, tried to the court. Affirmed.

*W. H. Patterson* and *Chas. A. Johnson,* for appellants.

*P. D. Smith* and *W. C. Gresham,* for respondents.

MOUNT, J.—This action was brought to recover upon
three promissory notes for $1,083 each, with interest and
costs. These notes were dated April 7, 1907, payable re-
spectively in one, two, and three years after date. The com-
plaint is in the ordinary form, alleging that the notes were
past due, nonpayment, and praying for the full amount of
the notes, with interest, attorney's fees, and costs. In an-
swer to the complaint, the defendants admitted the execution
and delivery of the notes. An affirmative defense was pleaded
to the effect that the notes were given as the consideration
for the sale of a certain stallion by the plaintiffs to the de-
fendants; that this stallion was offered for sale to the de-
fendants by one Gray, acting as agent for the plaintiffs;
that the stallion was exhibited to the defendants by Gray,
who represented the horse to be a pure bred Percheron im-
ported from France and registered in that country as a pure
bred horse under the name of Eloi, with the number 44,458;
that the defendants relied upon the representations so made;
that these representations were false and were known by
Gray to be false; that the horse exhibited and delivered to
the defendants was an entirely different animal and was not
a pure bred Percheron, but was a grade horse registered in
a disreputable society under the name of Julian, with a dif-
ferent number; that the horse was afflicted with a disease
which made him unfit for the purposes for which he was pur-
chased; that, as soon as the defendants discovered that the
animal was misrepresented and that they had been defrauded,
they disaffirmed the sale, notified the plaintiffs that they
would not be bound thereby, and tendered the stallion back

to the plaintiffs. The reply denied the affirmative matter of the answer. These issues were tried to the court without a jury. Findings were made in favor of the plaintiffs; the trial court concluded that the plaintiffs were entitled to recover upon the notes; that, by reason of the fact that a horse of a different name and registry number was delivered, the defendants had been damaged thereby in the sum of $1,200, which sum was deducted from the amount due upon the notes and a judgment entered for the balance. The defendants have appealed.

It is argued by the appellants that the respondents were not entitled to maintain the action because they were a partnership doing business in this state and that a certificate of partnership was not filed as required by law. A certificate was filed before the trial, which complied with the statute. If we concede, however, that the certificate was not filed in time, it does not appear from the record that the respondents were doing business in this state at the time the action was brought. The record shows that the respondents were in business in Iowa at that time, and there is no evidence in the record that, at the time the action was brought, they were doing business in this state. The statute, at Rem. Code, § 8369, provides that no person or persons shall conduct or transact business in the state under an assumed name unless such person or persons shall file a certificate in the office of the county clerk of the county or counties in which said business is to be conducted, which certificate shall set forth the name under which said business is to be conducted and the true or real name or names of the party or parties conducting the same. This court has held in a number of cases that the mere bringing of an action does not constitute doing business. *Lilly-Brackett Co. v. Sonnemann*, 50 Wash. 487, 97 Pac. 505; *Smith & Co. v. Dickinson*, 81 Wash. 465, 142 Pac. 1133.

It is next argued that the court erred in refusing an offer of proof to the effect that a Mr. Gray, who sold the horse to

the. appellants, represented himself as the agent of the respondents, and, at that time, represented the horse which was delivered to the appellants as being a pure bred Percheron horse named Eloi, when he knew that the horse was not a thoroughbred Percheron horse, but was another horse named Julian, and that he fraudulently made these representations for the purpose of deceiving the appellants. The court, we think, properly excluded this evidence, for two reasons. First: It was not proved that Mr. Gray was the agent of the respondents. That agency was denied. Respondents testified that they had sold two horses named Eloi and Julian to one Clemans, who, in turn, sold the horse Julian to the appellants. And second: At the time the horse was delivered to the appellants, a bill of sale was delivered to them, in which it was stated that the only guaranty given by the vendor was contained in the bill of sale. It is well settled that, where a written contract excludes parol warranties, a prior oral warranty may not be proved. *Pacific Aviation Co. v. Philbrick*, 67 Wash. 414, 121 Pac. 864; *Eilers Music House v. Oriental Co.*, 69 Wash. 618, 125 Pac. 1023.

It is next argued that the evidence required a finding by the trial court to the effect that the appellants had rescinded the contract upon discovering that the horse they purchased was a different horse from the one represented. The record here clearly shows that the name and number given to the horse was a mistake. Instead of the name of the horse being Eloi, number 44,458, his name was Julian, register number 3,707. After discovering this fact, and the fact that the horse Julian was not a pure bred Percheron, and other defects, the appellants caused a letter to be written on the 24th day of January, 1908, in which they stated that, because the respondents had delivered another horse than the one represented, the appellants had been damaged in the sum of $1,250, and that, unless the respondents would allow this damage and deduct it from the purchase price of the horse, they would hold the horse subject to the respondents'

order. This was clearly not a rescission of the contract.. If the horse was not the one which the appellants intended to purchase, if they had been misled as to his condition and pedigree, when they discovered these facts it was their duty to rescind. Rescission must be prompt and unconditional. The record shows that no attempt was made to rescind for a year after they had notice of all the facts. When rescission was offered, it was made conditional that the respondents would allow $1,250 to be deducted from the purchase price of the horse. It is plain that this was not a rescission of the contract. In *Grymes v. Sanders*, 93 U. S. 55, it was said:

"Where a party desires to rescind upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose, and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted."

See, also, *Aurora Land Co. v. Keevan*, 67 Wash. 305, 121 Pac. 469; *Dickinson Fire & Pressed Brick Co. v. Crowe & Co.*, 63 Wash. 550, 115 Pac. 1087.

In the latter case we said:

"A failure to give notice, or to offer to return the property within a reasonable time after discovering the defects, operates as a waiver of the right to rescind, and leaves the purchaser only the right to recover or offset damages to the extent of the diminished value of the article."

In this case the diminished value of the property was stated, after notice of the facts, to be $1,250. The trial court allowed $1,200 of this amount in reduction of the amount sued for. The respondents have not appealed and are, therefore, bound to the same extent as though they had sold the horse to the appellants.

It is argued by the appellants that the findings of fact and conclusions of law do not support the judgment, for the

reason that the action was brought upon the notes and that a judgment was rendered for the reasonable value of the horse. We are satisfied that this is not the effect of the judgment. The judgment, in substance, permitted the appellants to offset against the notes the damages which the court found by reason of the misrepresentations of the person who sold the horse to the appellants. Under the case last above cited, the court was clearly justified in so doing, even if the agent of the respondents sold the horse to the appellants.

We find no error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.