[No. 22953. Department Two. March 23, 1931.]

W. & J. SLOANE, *Respondent*, v. THE STATE OF WASH-
INGTON, *Appellant*.[1]

*The Attorney General* and *E. P. Donnelly, Assistant,*
for appellant.

*Frank C. Owings,* for respondent.

BEELER, J.—Plaintiff brought this action to recover
the balance due on a written contract. The cause was
tried to the court and jury. At the conclusion of all
the evidence, the court withdrew the case from the
jury and entered judgment for plaintiff. The defen-
dant has appealed.

The facts are: On October 6, 1926, the parties en-
tered into a written contract, whereby respondent, for
and in consideration of the sum of $52,000, to be paid

[1]Reported in 297 Pac. 194.

to it by appellant, agreed to provide all material and labor necessary to construct and install, complete and ready for use, certain furniture and window hangings to be used in the Legislative Building of the State of Washington. The contract provided that final payment should be made upon the issuance of a certificate by the architects, approving the furniture and materials.

As the work progressed, appellant at various times made payments on the contract, aggregating the sum of $51,000. It refused to pay the balance of $1,000, on the ground that a certain table was defective and not in compliance with the specifications. This table was delivered to appellant in June, 1927, at which time a Mr. McRae, superintendent of capitol buildings, was present and noticed some cracks around the edge thereof, and reported the matter to his superior officer, the directing head in charge of the department of business control. Appellant at no time returned or offered to return the table, but, on the contrary, continuously thereafter kept and maintained exclusive control over it.

During May, 1928, at the request of the architects, respondent reconditioned the table, and thereafter on September 26, 1928, the architects approved it, as repaired, and issued their final certificate, which they addressed to appellant, certifying respondent

". . . was entitled to the fifth and final payment in the amount of one thousand dollars on the contract for the furniture and window hangings for the Legislative Building."

By the contract, the parties designated the architects as the final arbiters to decide and determine whether the furniture and materials were in compliance with the plans and specifications. We have repeatedly held that, in contracts of this nature, the cer-

tificate is final and binding on the parties, unless impeached for fraud or palpable mistake. In *Bavaria Inv. Co. v. Washington Brick etc. Co.*, 82 Wash. 187, 144 Pac. 68, we said:

"The law is well established in this state that where, by the contract of the parties, a given person, such as the architect, the engineer, or the superintendent in charge of the work contemplated by the contract, is made the umpire or arbiter to determine the differences which may arise in the performance of the contract, the certificate of such umpire is a prerequisite to recovery, in the absence of arbitrary refusal to give it, and is final and conclusive upon the parties in the absence of fraud or palpable mistake on his part. *Craig v. Geddis*, 4 Wash. 390, 30 Pac. 396; *Hughes v. Bravinder*, 9 Wash. 595, 38 Pac. 209; *Schmidt v. North Yakima*, 12 Wash. 121, 40 Pac. 790; . . . *McKiver v. Savage*, 60 Wash. 135, 110 Pac. 811; . . ."

See, also, *Eastham v. Western Construction Co.*, 36 Wash. 7, 77 Pac. 1051; *Lindblom v. Mayar*, 81 Wash. 350, 142 Pac. 695; *Sound Constr. & Eng. Co. v. Green*, 89 Wash. 459, 154 Pac. 791.

Appellant wholly failed to impeach the final certificate of the architects, either on the ground of fraud or mistake, and offered no proof that the architects acted arbitrarily, capriciously, or that they failed to exercise an honest judgment, and therefore appellant became bound by the decision of the architects. We have examined the testimony, and are convinced that the table was in good condition at the time the final certificate was issued.

■ Appellant next claims the right to rescind the contract because the table did not conform to the specifications. Appellant admits the execution of the contract; admits the delivery and receipt of the table in June, 1927, and admits that it at no time returned or offered to return the table. The evidence is undis-

puted that, at the time the table was delivered in June, 1927, appellant's representative, McRae, was present and observed its condition, yet no attempt was made by appellant to reject it. Furthermore, after respondent had reconditioned it in May, 1928, appellant's representative inspected the table as refinished, but again failed to return or offer to return it, but, on the contrary, kept and maintained control thereof continuously thereafter.

If appellant on June, 1927, at the time the article was delivered, or on May, 1928, at the time it was reconditioned, had indicated its dissatisfaction and returned or offered to return the table, there might be some claim to its right to rescind. But this appellant did not do. Therefore, under the circumstances appellant waived its right to rescind. Rescission must be prompt and unconditional. In *Dickinson Fire & Pressed Brick Co. v. Crowe & Co.*, 63 Wash. 550, 115 Pac. 1087, we said:

"A failure to give notice, or to offer to return the property within a reasonable time after discovering the defects, operates as a waiver of the right to rescind, and leaves the purchaser only the right to recover or offset damages to the extent of the diminished value of the article."

See, also, *Singmaster v. Hall*, 98 Wash. 134, 167 Pac. 136; *Hudson v. Power Plant Engineering Co.*, 154 Wash. 172, 281 Pac. 324.

Finally, appellant claims that the question whether it waived its right to rescind the contract was one of fact, and should have been submitted to the jury for its determination. We cannot agree with this contention. Under the circumstances in this case, the question whether appellant failed to rescind within a reasonable time was one of law for the court.

"Where the purchaser of a comparatively small quantity of shingles, which it would not take long to examine, waited over two months after their receipt before notifying the vendor of the rescission of the contract because of the inferior quality of the shingles, the question of reasonable time in rescinding the sale was one of law for the court, . . . ." *Kleeb v. Long-Bell Lumber Co.,* 27 Wash. 648, 68 Pac. 202. (Syllabus.)

Judgment affirmed.

TOLMAN, C. J., BEALS, MILLARD, and FULLERTON, JJ., concur.